UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREA ADAMS, as parent/guardian and next friend of B.E.M. and B.J.M., minors, | ) ) ) | |
| Plaintiff, | ) ) | No. 23 C 985 |
| v. | ) ) | Judge Sara L. Ellis |
| YMCA OF METROPOLITAN CHICAGO, LLC, an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Andrea Adams filed this lawsuit against Defendant YMCA of Metropolitan

Chicago, LLC ("YMCA"), alleging that the YMCA discriminated against minors B.E.M. and

B.J.M. in violation of Title II and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a,

2000d; Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et. seq.*; Section 504

of the Rehabilitation Act, 29 U.S.C. § 794; and the Illinois Human Rights Act (the "IHRA"), 775

Ill. Comp. Stat. 5/5-101 *et. seq.* Adams also brings common law claims for intentional infliction

of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and breach of

contract. The YMCA moves to dismiss Adams' common law claims pursuant to Federal Rule of

Civil Procedure 12(b)(6) on the ground that the IHRA preempts each of them.[1] Because Adams'

common law claims are inextricably linked to her asserted IHRA violations, the Court finds that

the IHRA preempts them and grants the YMCA's motion to dismiss.

---

[1] While the YMCA originally moved to dismiss Adams' IHRA claim as well, it subsequently revoked that request in its reply brief. As such, the Court only addresses the YMCA's arguments regarding IHRA preemption of Adams' common law claims.

## BACKGROUND[2]

B.E.M and B.J.M. are minors who live with Adams, their mother. B.E.M. and B.J.M. are

Black and have been diagnosed with Attention Deficient Hyperactivity Disorder ("ADHD").

B.J.M. and B.E.M.'s ADHD manifests in behaviors such as wandering off, talkativeness, and

impulsivity. As of the summer of 2020, B.J.M. had received a formal diagnosis of ADHD and

was receiving medical treatment for it, including medication and therapy. B.E.M. also displayed

ADHD-type behaviors in the summer of 2020, although he did not receive his ADHD diagnosis

until 2023.

Defendant YMCA is a community health and wellness center that operates several

locations in Chicago, Illinois, including the McCormick YMCA facility. The YMCA facilities,

including the McCormick YMCA, are places of public accommodation.

In 2020, B.J.M and B.E.M attended the McCormick YMCA's summer camp. During the

enrollment process, Adams requested accommodations for B.J.M. from the YMCA based on his

ADHD. The YMCA subsequently developed a written support plan (the "Inclusion Plan") for

B.J.M., which recommended actions for the YMCA staff to take if B.J.M. displayed ADHD

behaviors like wandering off or impulsivity. The enrollment contract, signed by Adams and the

YMCA, incorporated the Inclusion Plan as well as the YMCA of Metro Chicago Diversity and

Inclusion Policy.

During McCormick YMCA's 2020 summer camp, B.J.M. and B.E.M. displayed the

behaviors associated with their ADHD. B.E.M. ran away from counselors on at least one

occasion. B.J.M. wandered off, struggled to follow directions given by staff, and grabbed

---

[2] The Court takes the facts in the background section from Adams' first amended complaint and presumes them to be true for the purpose of resolving YMCA's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

another child's backpack.  The YMCA did not implement steps from the Inclusion Plan to address B.J.M.'s behavior.  Instead, representatives of the YMCA frequently requested that Adams pick up her children early, and on at least one occasion, suspended both B.E.M. and B.J.M. from one day of camp.

When other children displayed behavior like that of B.J.M. or B.E.M., the YMCA did not suspend them or request their guardians pick them up early.  For instance, one child hit B.E.M. with a pool noodle and another took B.J.M.'s backpack and then hit him.  The YMCA did not discipline either child.

The YMCA's treatment of B.J.M. and B.E.M. took a severe emotional toll on them. B.J.M. expressed thoughts of suicide to camp counselors after the YMCA's staff told a group of children engaged in an activity that they would all have to stop because of B.J.M.'s conduct, which made B.J.M. feel excluded and disliked.  B.E.M. expressed distress when YMCA's staff removed him from camp activities.  B.E.M. also experienced emotional distress after one of his counselors forcibly grabbed him.

On August 21, 2020, the Executive Director of the McCormick YMCA told Adams that B.J.M. and B.E.M. could no longer participate in the McCormick YMCA's 2020 summer camp because the staff found their behavior to be too challenging.  The Director also told Adams that he suspended B.J.M. from the program due to his disability.  On August 31, Adams received an email from the YMCA informing her that the YMCA terminated B.J.M. and B.E.M.'s

participation in the summer camp for future programs, despite the YMCA permitting similarly situated non-Black and non-disabled children to register for the following year's summer camp.

Adams subsequently filed a charge on behalf of B.J.M. and B.E.M. with the Illinois Department of Human Rights ("IDHR"). On November 9, 2022, the IDHR found that substantial evidence existed on the claims of discrimination that Adams alleged.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The YMCA moves to dismiss Adams' IIED, NIED, and breach of contract claims because the IHRA preempts them. The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 Ill. Comp. Stat. 5/8-111(D); *see also Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017) ("The IHRA is the exclusive

4

remedy for civil-rights violations."). One such violation recognized by the IHRA is "for any person on the basis of unlawful discrimination to . . . [d]eny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." 775 Ill. Comp. Stat. 5/5-102. The IHRA defines unlawful discrimination as "discrimination against a person because of his or her actual or perceived: race . . . [or] disability . . . as those terms are defined in this Section." 775 Ill. Comp. Stat. 5/1-103(Q).

To determine whether alleged conduct falls within the exclusive jurisdiction of the IHRA such that the IHRA preempts other state law claims, courts evaluate whether the state law claims are "inextricably linked" to a civil rights violation under the IHRA. *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 519 (1997). To proceed with her common law claims, therefore, Adams "must establish 'a basis for imposing liability on defendants independent of the [IHRA], i.e., without reference to the legal duties created by the Act.'" *Id.*; *see also Blount v. Stroud*, 232 Ill. 2d 302, 315 (2009) (finding that the IHRA preempts common law claims where the plaintiff cannot establish the necessary elements of those claims independent of any legal duties furnished by the IHRA). If Adams' state law claims "sound primarily in racial [or disability] discrimination and thus are not independent of civil rights law," the IHRA preempts them. *Smith v. Chi. Sch. Reform Bd. of Trs.*, 165 F.3d 1142, 1151 (7th Cir. 1999).

## I.      IIED & NIED

The YMCA first contends that the IHRA preempts Adams' IIED and NIED claims because elements of those claims rely on the same allegations that Adams presents in support of her IHRA claim. To sufficiently plead a claim for IIED, a plaintiff must allege that "the defendant's conduct was extreme and outrageous." *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). Where the only allegedly extreme and outrageous conduct supporting

5

the IIED claim is the same conduct supporting the IHRA claim, the IHRA preempts the IIED

claim. *See Krocka v. City of Chicago*, 203 F.3d 507, 517 (7th Cir. 2015) (finding that the

defendant's comments were inextricably linked to the plaintiff's disability discrimination claim

because the comments were only offensive to the extent that they referred to the plaintiff's

disability); *Bentson v. W. Suburban Bancorp, Inc.*, No. 21 C 5390, 2022 WL 4482767, at *4

(N.D. Ill. Sept. 27, 2022) (finding that the defendant's conduct, depriving plaintiff from

employment and compensation, was only extreme and outrageous insofar as it was

discriminatory based on the plaintiff's multiple sclerosis); *Johnson v. Chi. Bd. of Educ.*, No. 00 C

1800, 2002 WL 1769976, at *5 (N.D. Ill. Aug. 1, 2002) (finding the IHRA preempted the

plaintiff's sexual assault claims because "the 'extreme and outrageous' conduct that would form

a basis for suit under Illinois law for intentional infliction of emotional distress is the same

conduct that violates the IHRA"). In other words, "if [the Court] were [to] take the civil-rights

allegations out of the complaint, no claim for intentional infliction of emotional distress would

remain." *Nischan*, 865 F.3d at 934. Here, Adams bases her IIED claim on the assertion that the

YMCA "singl[ed] [B.J.M. and B.E.M.] out for punitive and corrective measures based on their

race and disability," and that the YMCA treated B.J.M. and B.E.M. differently from how "it

treated non-black and non-disabled campers." Doc. 20 ¶¶ 88–89. Because "[r]acial

discrimination [is] not 'merely incidental' to a mundane tort" but is "the core of [Adams']

theory," the IHRA preempts her IIED claim. *Smith*, 165 F.3d at 1151.

Similarly, the IHRA preempts Adams' NIED claim. To sufficiently plead a claim for

NIED, Adams must show that the YMCA owed the B.J.M. and B.E.M. a duty, the YMCA

breached that duty, and the YMCA's breach of that duty proximately caused B.J.M.'s and

B.E.M.'s injuries. *Howell v. Jofe*, 483 F. Supp. 2d 659, 667 (N.D. Ill. 2007). The IHRA

6

preempts common law claims which rely on a duty of care explicitly provided by the IHRA.
*Doe v. La Magdalena II, Inc.*, 585 F. Supp. 2d 984, 987 (N.D. Ill. 2008) (finding plaintiff's

NIED claim preempted because the sexual harassment provisions of the IHRA provided the duty

of care that the plaintiff alleged her employer breached); *cf. Demar v. Chi. White Sox*, No. 05 C

5093, 2006 WL 200640, at *2 (N.D. Ill. Jan. 18, 2006) (finding the IHRA did not preempt

plaintiff's assault and battery claims, which could "stand in [their] own right [ ] without any

invocation of the . . . duties under the IHRA"). Here, Adams alleges that the YMCA breached its

duty of care to not discriminate based on race or disability. As previously described, the IHRA

explicitly protects individuals from this exact discrimination. 775 Ill. Comp. Stat. 5/1-103(Q).

Accordingly, the Court finds that the IHRA also preempts Adams' NIED claim. *Doe*, 585 F.

Supp. 2d at 987.

## II.    Breach of Contract

Finally, the YMCA argues that the IHRA preempts Adams' breach of contract claim.

Like her NIED and IIED claims, the IHRA can preempt a breach of contract claim where "absent

the allegations of racial discrimination, Plaintiff has no independent factual basis for imposing

liability." *Chulamorkodt v. CH Allied Servs., Inc.*, No. 04 C 693, 2005 WL 8173648, at *4 (S.D.

Ill. Apr. 7, 2005) (holding the IHRA preempted a breach of contract claim where the "theory of

Plaintiff's entire case sounds in racial discrimination"). Adams asserts that the YMCA entered

into an enrollment contract with her, which incorporated B.J.M.'s Inclusion Plan and the YMCA

of Metro Chicago Diversity and Inclusion Policy. Adams alleges the YMCA breached that

contract when it failed to comply with the terms of the Inclusion Plan, discriminated against

B.J.M. and B.E.M. in violation of the Diversity and Inclusion Policy, and ultimately suspended

B.J.M. and B.E.M. from the summer program. As was true with Adams' other common law

7

claims, the only actionable conduct supporting Adams' breach of contract claim centers around allegations of discrimination; accordingly, the IHRA preempts Adams' breach of contract claim. *See, e.g.*, *Witt v. Cnty. Ins. & Fin. Serv.*, No. 04 C 3938, 2004 WL 2644397, at *5 (N.D. Ill. Nov. 18, 2004) (explaining that a "breach of contract claim was preempted where it amounted to nothing more than an alleged breach of an alleged promise to uphold the laws against discrimination").

## CONCLUSION

For the foregoing reasons, the Court grants YMCA's motion to dismiss [25] and dismisses the IIED, NIED, and breach of contract claims. Although it appears unlikely that Adams' IIED, NIED, and breach of contract claims could avoid IHRA preemption given the facts of the case, out of an abundance of caution, the Court dismisses these claims without prejudice.

Dated: September 23, 2024

_____
SARA L. ELLIS
United States District Judge